UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ANTHONY J. SINENI III, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00368-JAW |
| | ) | |
| JAMES ESTABROOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

Upon motion by the Plaintiff, the Court dismisses his Complaint with prejudice. The Court assesses costs against the Plaintiff but rejects the Defendants' request for an award of attorney's fees.

**I.  BACKGROUND**

On September 9, 2015, Anthony J. Sineni III filed a complaint against three named and some unknown law enforcement officers with the Cumberland County Sheriff's Office, alleging that they had surreptitiously intercepted his telephone communications without his consent in violation of federal constitutional and statutory law. *Compl. and Demand for Jury Trial* (ECF No. 1). After the discovery period ended, on July 14, 2016, the Defendants filed notice of their intention to file a motion for summary judgment. *Defs. Estabrook, Ackerman and Cook's Notice of Intent to File Mot. for Summ. J.* (ECF No. 37). After an issue regarding the deposition of a witness was resolved, the Court held a Local Rule 56(h) conference on August 26, 2016. *Minute Entry* (ECF No. 52). At the prefiling conference, the Defendants agreed

to file a motion for summary judgment by September 30, 2016; the Plaintiff agreed to respond by October 21, 2016; and the Defendants agreed to reply by November 4, 2016. *Tr. of Proceedings, Rule 56(h) Conf.* 17:18–18:12 (ECF No. 54).

On September 27, 2016, the Defendants filed a motion for summary judgment and a motion for judgment on the pleadings. *Defs.' Mot. for Summ. J. (F.R. Civ. P. 56) and J. on the Pleadings (F.R. Civ. P. 12(c))* (ECF No. 60) (*Defs.' Mots.*). The Plaintiff did not directly respond to the motions.

On October 21, 2016, the Plaintiff filed a stipulation of voluntary dismissal. *See Notice of Voluntary Dismissal of Action* (ECF No. 63). However, the stipulation did not comply with Federal Rule of Civil Procedure 41(a)(1)(A) because the Defendants had entered their appearance and the stipulation was not signed by all the parties. The Clerk's Office so informed the Plaintiff, and the docket now lists the stipulation as having been filed in error.

Given the uncertain state of the docket, on November 18, 2016, the Court held a telephone conference with counsel, and the Court ordered the Plaintiff to file a motion to extend the time to file objections to the motion for summary judgment by November 25, 2016. *Minute Entry* (ECF No. 67). On November 22, 2016, the Plaintiff filed both a motion to extend time and a motion to dismiss. *Pl. Sineni's Mot. to Extend Time to File Obj. to Defs.' Mot. for Summ. J.* (ECF No. 68) (*Pl.'s Mot. to Extend*); *Pl.'s Mot. for Voluntary Dismissal* (ECF No. 69) (*Pl.'s Mot.*). In the motion to extend, the Plaintiff requested an extension of time to respond to the motion for summary judgment until settlement negotiations were resolved. *Pl.'s Mot. to Extend* at 1. In

the motion for voluntary dismissal, the Plaintiff urged the Court to dismiss his pending action with prejudice. *Pl.'s Mot.* at 1–3. On November 29, 2016, the Defendants responded to both motions. *Obj. to Pl.'s Mot. to Extend Time to File Obj. to Defs.' Mot. for Summ. J.* (ECF No. 70); *Defs.' Obj. to Pl.'s Voluntary Dismissal* (ECF No. 71) (*Defs.' Opp'n*). The Plaintiff did not reply to either of the Defendants' responses. On December 19, 2016, the Court held a telephone conference with counsel to clarify whether the Plaintiff was moving for dismissal with or without prejudice; the Plaintiff confirmed that he is moving to dismiss his Complaint with prejudice.

## II. DISCUSSION

### A. Unraveling the Procedural Tangle

The procedural status of the motions before the Court is a bit tangled. To clarify, the following motions are pending: (1) a Defendants' motion for summary judgment; (2) a Plaintiff's motion to extend time; and (3) a Plaintiff's motion for voluntary dismissal. The Plaintiff has not responded to the Defendants' motion for summary judgment, but he has moved to extend the time to respond to the motion for summary judgment until after settlement discussions are resolved. The third pending motion focuses on three issues: (1) whether the Court should reject the Plaintiff's motion to dismiss and proceed with the pending motion for summary judgment; (2) whether, if the Court dismisses the Complaint with prejudice, the Court should award costs to the Defendants; and (3) whether the Court should award attorney's fees.

### B. The Motion to Dismiss With Prejudice

The Plaintiff's motion to dismiss with prejudice explains that he brought this lawsuit on the good faith belief that Winona Hichborn had told other people that she had neither consented to the recording of her phone conversations with Mr. Sineni nor had recorded them herself. *Pl.'s Mot.* at 1. However, during Ms. Hichborn's deposition, Mr. Sineni learned that Ms. Hichborn had voluntarily recorded the telephone conversations. *Id.* at 1–2. Accordingly, Mr. Sineni moved to dismiss the complaint. *Id.* at 2.

The Defendants take alternative positions. *Defs.' Opp'n* at 1–5. They object to the motion to dismiss and urge the Court to rule on the pending motion for summary judgment, but if the Court grants the motion to dismiss, they ask the Court to order the Plaintiff to pay attorney's fees and costs. *Id.* at 1. The Defendants are particularly annoyed that the Plaintiff forced them to prepare and file a dispositive motion, when he already knew that Ms. Hichborn testified that she had recorded the conversations. *Id.* at 1–2. The Defendants argue that the Court should consider the damage to the law enforcement officers' reputations from this lawsuit. *Id.* at 3. They are concerned that Mr. Sineni will dismiss this claim, only to bring new ones in this or in state court. *Id.* at 4. In fact, they claim that he has already filed one such claim. *Id.* at 2, n.2 (citing *Sineni v. Cumberland Cty. Sheriff's Office*, No. 2:16-cv-000520-JAW). Furthermore, they maintain that if the Court elects to dismiss the pending action, it should do so conditioned upon taxation and actual payment of allowable costs and attorney's fees from the date of the Rule 56(h) conference onward. *Id.* at 4.

4

1. Analysis

As Mr. Sineni filed the motion after the Defendants' answer and without a stipulation of the parties, Rule 41(a)(2) applies:

> "(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

FED. R. CIV. P. 41(a)(2). "Where, as here, a defendant has answered the complaint or moved for summary judgment, a plaintiff cannot unilaterally dismiss an action without court approval 'on terms that the court considers proper.'" *JRA Architects & Project Managers, P.S.C., v. First Financial Group, Inc.*, 375 F. App'x 42, 42 (1st Cir. 2010) (quoting FED. R. CIV. P. 41(a)(2)); *see also Doe v. Urohealth Sys. Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *Alamance Indus., Inc., v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961); *Canadian Nat'l Ry. Co. v. Montreal, Me. & Atl. Ry.*, 275 F.R.D. 38, 41 (D. Me. 2011); *Ring v. ZF Lemforder Corp.*, No. CV-09-83-B-W, 2009 U.S. Dist. LEXIS 53909, at *2 (D. Me. June 24, 2009); *Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 519 (D. Me. 1990). The First Circuit has stated that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)); *Cabrera-Velazquez v. Puerto Rico Tele. Co.*, No. 10-1523(JP), 2011 U.S. Dist. LEXIS 50556, at *9 (D.P.R. May 10, 2011).

In deciding whether to allow a voluntary dismissal, courts generally consider a number of factors: 1) the defendant's effort and expense of preparation for trial; 2)

excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; 3) insufficient explanation for the need to take a dismissal; 4) the fact that a motion is made at a critical juncture in the ongoing processing of the case; and, 5) whether a dispositive motion has been filed. *Doe*, 216 F.3d at 160; *ZF Lemforder Corp.*, 2009 U.S. Dist. LEXIS 53909, at *3; *Holbrook*, 130 F.R.D. at 519. "[I]n ruling on a motion for voluntary dismissal, '[t]he district court is responsible…for exercising its discretion to ensure that…prejudice will not occur.'" *JRA Architects*, 375 F. App'x. at 43 (quoting *Doe*, 216 F.3d at 160). Finally, the First Circuit has clarified that the district courts "need not analyze each factor or limit their consideration to these factors." *Doe*, 216 F.3d at 160.

### 2. A Dismissal With Prejudice and a Ruling on the Merits of the Pending Motion for Summary Judgment

The Court rejects the Defendants' demand that it consider and rule on their pending motion for summary judgment. To spend the time and effort to rule on a case the plaintiff wants to dismiss with prejudice would be an exercise in futility. It is true, as the Defendants noted, that the First Circuit listed as one factor in a trial court's ruling on a motion to dismiss whether there are motions for summary judgment pending. *Doe*, 216 F.3d at 161. But the issue in *Doe* was whether the dismissal should have been with or without prejudice. *Id.* at 160–61. The *Doe* Court concluded that a trial court should consider whether a motion for summary judgment was pending at the time of a motion to dismiss without prejudice presumably because the responding party may have assessed the strength of the dispositive motion and filed the motion to dismiss in order to avoid an inevitable judicial ruling that would

6

have the effect of a dismissal with prejudice. Here, however, Mr. Sineni is seeking a dismissal with, not without, prejudice.

The Defendants have not adequately explained why they prefer a ruling in their favor on the merits of the pending motion for summary judgment over a dismissal in their favor with prejudice. At least as regards Mr. Sineni, the effect would be the same; both would result in a judgment that would bar a second lawsuit on the same basis. *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998) ("[A] voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies *res judicata* criterion"); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2367 (3d ed. 2008) ("A dismissal with prejudice, unless the court has made some other provision, is subject to the usual rules of res judiciata and is effective not only on the immediate parties to the action but also on their privies"). Here, the Defendants are worried about the prospect of new litigation by the "immediate party," namely Mr. Sineni. But with the dismissal with prejudice having a res judicata effect on Mr. Sineni's bringing a new lawsuit on the same set of facts, the Court declines to issue a superfluous ruling on the pending motion for summary judgment.

### 3. Costs of Court

The Defendants have a better case for an order awarding them costs. Federal Rule of Civil Procedure 54(d)(1) provides that costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Mr. Sineni has not pointed to a "federal statute,…rule[], or…court order" that would provide otherwise. *Id.* In the First

7

Circuit's words, Rule 54(d)(1) "creates a presumption favoring recovery of costs by prevailing parties." *Ira Green Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014). In this case, there is no basis to conclude anything but that the Defendants are the prevailing parties within the meaning of Rule 54(d)(1) and therefore the Court will order costs to the Defendants.

### 4. Attorney's Fees

"Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975)). "The default rule can, of course, be overcome by statute…[or] by enforceable contract[.]" *Id.* (citations omitted). The Defendants have not cited either a statute or contract that would entitle them to an award of attorney's fees. Assuming that *Doe* might allow a trial court to condition a dismissal on the payment of attorney's fees to the prevailing party even in the absence of an authorizing statute or contract, this is not the right case. *Doe*, 216 F.3d at 163 ("[I]f there were *other* valid justifications for dismissal, payment of attorney's fees and other expenses might in some measure ameliorate the prejudice to the defendants of the plaintiff's abortive federal court litigation").

Here, Mr. Sineni presented a plausible explanation for why he initiated suit and why, after discovery, he is moving to dismiss it, namely, that, contrary to his understanding when he filed suit, a central witness confirmed under oath that she had voluntarily recorded the telephone conversations. Ordinarily, a suit filed in good

8

faith under the misimpression that a certain set of facts exists that justify the lawsuit would not cause the imposition of an award of attorney's fees if the plaintiff promptly moved to dismiss the complaint upon learning the truth. Here, the Defendants' main annoyance is that Mr. Sineni forced them to prepare and file a motion for summary judgment and only then did he move to dismiss the Complaint, costing the Defendants additional time and expense in the defense of the lawsuit.

The Court does not view the Defendants' irritation to be sufficient grounds to award them attorney's fees. The critical witness, Winona Hichborn, was deposed on August 23, 2016, and Mr. Sineni was not present. *See Dep. of Winona Hichborn* (Aug. 23, 2016) (ECF No. 59) (*Hichborn Dep.*). By August 26, 2016, the date of the Rule 56(h) conference, the transcript of the Hichborn deposition had not yet been transcribed. *Tr. of Proceedings, Local Rule 56(h) Conf.* 2:19–3:6 (ECF No. 54). Mr. Sineni questioned whether Ms. Hichborn had been encouraged by law enforcement to make the recordings and therefore whether they had improperly influenced her decision to record the conversations. *Id.* 4:24–5:13.

The Defendants filed their motion for summary judgment and motion for judgment on the pleadings on September 27, 2016, together with a copy of the Hichborn deposition transcript. *Defs.' Mots.* Having reviewed the motions and their factual underpinnings, Mr. Sineni attempted to dismiss the case as early as October 21, 2016. *See Notice of Voluntary Dismissal of Action* (ECF No. 63). Arguably, Mr. Sineni should have acted sooner. He should been able to read the Hichborn transcript between September 12, 2016, when the Hichborn transcript was first prepared, and

September 27, 2016, when the Defendants filed their dispositive motions, and he should have been able to conclude that the factual premise of his lawsuit was erroneous.

But Ms. Hichborn did not waive reading and signing the deposition, and she had thirty days from the date the transcript was first prepared to make any corrections. *See Hichborn Dep.* 99:22; 101:5—18; FED. R. CIV. P. 26(e)(1). From the record, the Court gleans that the court reporter prepared the transcript on September 12, 2016, and sent the draft to Ms. Hichborn for her review and signature on that date.[1] Mr. Sineni was entitled to await the final version of the transcript before dismissing his lawsuit and that date was October 12, 2016 at the earliest. By that time, the Defendants had already filed their dispositive motions. In any event, the Defendants should take solace that Mr. Sineni read their well-prepared motions and was so convinced by their arguments that he attempted to dismiss his case.

Nor is the Court convinced by the Defendants' fear that Mr. Sineni will file another lawsuit on these same facts and attempt to re-litigate what has been dismissed. The Defendants claim that Mr. Sineni has already filed a lawsuit based in part on the same facts that underlie this lawsuit. *Defs.' Opp'n* at 2, 2 n.2. The Court briefly reviewed the complaint in the newly-filed case that the Defendants reference, *Sineni v. Cumberland Cty. Sheriff's Office*, No. 2:16-cv-000520-JAW, and

---

[1] When she completed the deposition transcript, the court reporter attached a letter to Ms. Hichborn through counsel dated August 12, 2016. *Hichborn Dep.* 101:5. The Court assumes that this is a typographical error because the deposition took place on August 23, 2016. The court reporter completed the transcript on September 12, 2016. *Id.* 100:16–17. The Court assumes the court reporter sent the letter to Ms. Hichborn on September, not August, 12, 2016.

10

none of the factual allegations in that case touches on the facts in this one. Moreover, if Mr. Sineni elected to file another lawsuit against the same Defendants based on the same set of facts that are the subject of this lawsuit, his new lawsuit would plainly be barred by the principle of res judicata.

## III. CONCLUSION

The Court GRANTS the Plaintiff's Motion for Voluntary Dismissal (ECF No. 69) and DISMISSES the Plaintiff's Complaint WITH PREJUDICE and with costs awarded to the Defendants. The Court DENIES the Defendants' demand for attorney's fees to be assessed against the Plaintiff. The Court DISMISSES as moot Defendants' Motion for Summary Judgment (F.R. Civ. P. 56) and Judgment on the Pleadings (F.R. Civ. P. 12(c)) (ECF No. 60) and Plaintiff Sineni's Motion to Extend Time to File Objection to Defendants' Motion for Summary Judgment (ECF No. 68).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2016